## Commonwealth v. Adams

*Francis J. Gildner*, for Commonwealth.

*H. B. McFadden*, for defendant.

HENNINGER, J., September 16, 1940. — This appeal from an order of suspension of appellant's license is without difficulty. Appellant, a resident of Lehigh County, was involved in an accident in Dauphin County, occasioned by the sudden stopping of a line of traffic in his path, causing him to run into and damage the car of Fred Zarr, only Commonwealth witness and apparently the real prosecutor in these proceedings.

At the time of the accident, Zarr told Adams that his damages would be about $35, and so stated on the accident report that he filed. Adams reported this to his insurance carrier and was properly advised he need not file an accident report. A few days later, Zarr telephoned Adams that his damages amounted to $65 and then sent a bill for $135, which was adjusted by the insurance companies involved.

This proceeding followed the reluctance of Adams' adjuster to pay a claim increased fourfold above the original estimate, and Adams appealed to this court from a 30-day suspension of his license.

The Secretary of Revenue based the suspension upon section 615*(b)*2 and 3 of The Vehicle Code of May 1, 1929, P. L. 905, as amended by section 9 of the Act of June 27, 1939, P. L. 1135, 75 PS §192; no. 2 for violation of The Vehicle Code; and no. 3 for failure to report an accident, the violation of The Vehicle Code relied upon being for reckless driving.

We see no merit in either charge. There is a distinction between civil negligence and reckless driving, and it does not follow that Adams must be guilty of reckless driving simply because he may have violated section 1002 (*a*) of The Vehicle Code of 1929, supra, as amended by section 23 of the Act of 1939, supra, prohibiting a speed greater

than will permit the operator to bring his car to a stop within the assured clear distance ahead. Zarr admitted that he had no opportunity of signaling his intended stop.

Without condoning Adams' apparent lack of complete control, we recognize that this is the type of accident frequently occurring on a heavily-traveled street or highway. We have heard of no other instance in which a license has been suspended for an act of so little flagrancy nor was the attorney for the Commonwealth able to cite such an instance.

A more serious charge is that of failing to report an accident in violation of section 1214 of The Vehicle Code of 1929, supra, requiring report to be made within 24 hours by the operator of a motor vehicle involved in an accident resulting in personal injuries or death to any person or total property damage to an apparent extent of $50 or more. We find, however, that Adams was not guilty of violating this section. He asserted, and Zarr was very evasive in his denial, that Zarr had said his damages amounted to about $35, and Adams stated that he personally thought this estimate was excessive. By the time Adams knew that there was any claim in excess of $50, the time had passed for the legal filing of a report. Granting that an operator, before he is excused from reporting an accident, must be sincere in his estimate of the "apparent extent" of the damage, nevertheless, he should be protected from any penalty if he accepts the estimate of the owner of the damaged car.

In arriving at these conclusions, we have entirely disregarded the testimony concerning the outcome of Zarr's informations against Adams for violation of The Vehicle Code (Commonwealth v. Funk, 323 Pa. 390) and have determined the case independently and de novo upon the competent testimony offered at the hearing.

Since upon that testimony we find Adams innocent of the charges of reckless driving and of failing to report an accident, we must sustain his appeal.

And now, September 16, 1940, the appeal of R. L. Adams from the order of the Secretary of Revenue of

the Commonwealth of Pennsylvania made May 21, 1940, suspending his operator's license for the year 1940, is sustained and said suspension is revoked and annulled. Record costs to be paid by appellant.